# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MATTHEW CHRISTOPHERSON and
KIMBERLY CHRISTOPHERSON,

                    **Plaintiffs,**

       **v.**                               **Case No. 06-C-873**

**CROWN EQUIPMENT CORPORATION,
ABC INSURANCE COMPANY, named as
fictitious party, DEF CORPORATION,
named as a fictitious party, and GHI
INSURANCE COMPANY, named as
fictitious party,**

                    **Defendants.**

## DECISION AND ORDER

    This matter comes before the Court on Crown Equipment Corporation's ("Crown")

motion to dismiss pursuant to Rule 41(b). For the following reasons, the Court will grant

Crown's motion.

### BACKGROUND

    In May 2006, Matthew Christopherson ("Christopherson") filed suit alleging that the

forklift he was operating at his workplace caused a leg injury. However, Christopherson has

failed to prosecute this action. He never provided his initial disclosures. He has not

conducted any discovery. He failed to name any experts despite his July 15, 2007, deadline

to do so. And, most recently, he never responded to Crown's motion to dismiss.

In March 2007, Christopherson's counsel reportedly recommended to his clients that they voluntarily dismiss the lawsuit. Over the next three months, the attorneys for both parties communicated with each other about the possibility of a voluntary dismissal, but the plaintiffs' attorney never gave Crown's attorney a definite answer. In May 2007, the plaintiffs' counsel told Crown's attorneys that he would either submit a voluntary dismissal or move to withdraw by the end of May. When the plaintiffs did not make either motion by the end of May, Crown's attorney sent an email on June 4, 2007, inquiring about the status of the proposed dismissal. The plaintiffs never responded.

With no voluntary dismissal, Crown was forced to proceed with discovery and prepare for a possible trial. The final pretrial conference is slated for February 8, 2008. A week-long trial is scheduled to begin on March 3, 2008.

## DISCUSSION

Rule 41(b) provides the Court discretion to dismiss an action with prejudice if the plaintiff fails to prosecute, to comply with the Federal Rules of Civil Procedure, or to follow any order of the Court. The plaintiffs have failed on all counts.

The Seventh Circuit has set forth several factors that a district court should consider when deciding whether to dismiss a case for want of prosecution or willful violations of court orders. *See Ball v. City of Chicago*, 2 F.2d 752 (7th Cir. 2007). Those factors include: (1) the frequency and magnitude of the plaintiff's failures to comply with deadlines; (2) the

-2-

apportionment of responsibility for those failures between the plaintiff and his counsel; (3) the effect of the failures in taxing the Court's time and disrupting the Court's calendar to the prejudice of other litigants; (4) the prejudice to the defendant from the plaintiff's dilatory conduct; (5) the probable merits of the suit; and (6) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Id*. at 759-60.

The first factor weighs in favor of dismissal. The plaintiffs have not met any deadline set in this litigation. They failed to make their initial disclosures. They failed to name any experts by the July 15, 2007 deadline. And they failed to respond to this motion to dismiss. The plaintiffs clearly are not prosecuting this action.

As for the second factor, it is unclear whether the responsibility for these failures lies primarily on the plaintiffs or with their counsel. Reportedly, the plaintiffs' counsel has advised his clients to submit a voluntary dismissal, which they refused to do. Given the probable merits of this case (which will be discussed as the fifth factor below), that is probably the fault of plaintiffs rather than the attorney.

The plaintiffs' lack of prosecution likely will have the effect of taxing the Court's time and its calendar to the prejudice of other litigants, which means the third factor also weighs in favor of dismissal. The final pre-trial conference is in less than one month and the week-long trial is slated for the first week of March 2008. If the Court were to allow the plaintiffs to proceed, the March trial date will no doubt need to be moved, which would likely affect other litigants' ability to obtain trial dates in a timely manner.

Case 2:06-cv-00873-RTR   Filed 01/10/08   Page 3 of 5   Document 27

The fourth factor, prejudice to the defendant, is also present here. Crown's ability to effectively mount a defense has been hindered by the plaintiffs' failure to identify any basis in fact for liability. Moreover, the exact nature and extent of Christopherson's injury and damages remains uncertain. The plaintiffs never provided their initial disclosures to Crown. Crown has nevertheless been forced to bear the expense of conducting discovery and proceeding as if this matter were going to trial. The plaintiffs' dilatory conduct has harmed Crown's ability to effectively and efficiently defend itself.

Fifth, there appears to be no merit to the plaintiffs' claims. The evidence indicates that Christopherson was responsible for his own injury, that he was disciplined by his employer for his safety violations, and after an internal appeal he acknowledged the correctness of the discipline. Indeed, even the plaintiffs' counsel apparently recognizes the futility of the plaintiffs' cause by repeatedly trying to persuade them to voluntarily dismiss this action.

And finally, there is no risk that a dismissal would violate any of the social objectives of the type of litigation that this suit represents. There appears to be no evidence that the product was defective or that Crown acted negligently.

The Seventh Circuit in *Ball* also said that the district court should warn the plaintiff before dismissing the case pursuant to Rule 41(b). However, the court stated that in those cases "where it is plain that the plaintiff's lawyer knew that he faced dismissal of his case," no explicit warning is necessary. *Ball*, 2 F.2d at 756. The plaintiffs' lawyer is well aware

-4-

that he faces dismissal. The pending motion to dismiss was served upon his clients on October 29, 2007, and he never filed any response. He has not responded or complied with any of the Court's deadlines. This matter has been pending for nearly a year-and-a-half, and trial is less than two months away. The plaintiffs have done nothing to prosecute, so dismissal with prejudice is appropriate.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Crown's Motion to Dismiss (Docket No. 21) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 10th day of January, 2008.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

-5-